UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LUIS GONDOLA,

                          Plaintiff,

-against-

CITY OF NEW YORK, DMITRIY SHERY, Individually,
JOSEPH RYAN, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                          Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

**Jury Trial Demanded**

      Plaintiff LUIS GONDOLA, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

      4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff LUIS GONDOLA is a thirty-two-year-old resident of Elmont, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DMITRIY SHERY, JOSEPH RYAN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On October 24, 2014, at approximately 7:00 p.m.., plaintiff was a passenger in a motor vehicle traveling on Forest Avenue, in Staten Island, New York, when defendant NYPD officers DMITRIY SHERY, JOSEPH RYAN, and JOHN DOE 1 and JOHN DOE 2, stopped the vehicle without cause or justification and thereafter detained, searched, and unlawfully arrested plaintiff.

13. Although plaintiff was not driving the vehicle and was merely a passenger in the vehicle, the defendant officers ordered him to exit the vehicle along with the female driver, to whom the vehicle belonged.

14. The defendant officers questioned plaintiff and searched plaintiff, plaintiff's friend's vehicle, and his friend's purse.

15. The defendant officers did not find any contraband on plaintiff or otherwise in plaintiff's actual or constructive possession.

16. The defendant officers nonetheless arrested plaintiff, along with his friend.

17. Plaintiff was handcuffed and imprisoned in a police van and transported to the 121st Police Precinct and imprisoned therein. Plaintiff was thereafter transported to the 120th Police Precinct.

18. The defendant officers continued to imprison plaintiff until October 25, 2014, when plaintiff was arraigned in Richmond County Criminal Court on baseless charges filed under docket number 2014RI010183; said charges having been filed based on the false allegations of the defendant officers.

19. The defendant officers initiated said prosecution with malice, and otherwise

caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being investigated and/or disciplined for the above described abuses of authority.

20. Defendant police officers created and manufactured false evidence, which defendant DMITRIY SHERY conveyed to the Richmond County District Attorney's office which used same against plaintiff in the aforementioned legal proceeding. Specifically, defendant DMITRIY SHERY swore to false allegations that the defendant officers had recovered an unlawfully possessed pill bottle containing oxycodone hydrochloride on the back seat of the motor vehicle and an unlawfully possessed pill bottle containing methadone on the front passenger side floor. These allegations are false, insofar as both items were in fact recovered from inside of plaintiff's friend's purse and were lawfully prescribed.

21. As a result of the defendants' conduct, plaintiff was compelled to return to court on six occasions until June 16, 2015, when the Richmond County District Attorney's Office moved to dismiss all charges against plaintiff.

22. All charges filed against plaintiff's friend were also dismissed and sealed as well.

23. Defendants DMITRIY SHERY, JOSEPH RYAN, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, falsification, lax investigations of police misconduct,

and of covering up abuse by fellow officers.

25. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants engage in a practice of falsification to justify unlawful arrests, and engage in cover ups of police abuse.

26. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

27. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff LUIS GONDOLA of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. As a result of the foregoing, plaintiff LUIS GONDOLA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendant officers arrested plaintiff LUIS GONDOLA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

36. Defendant officers caused plaintiff LUIS GONDOLA to be falsely arrested and unlawfully imprisoned.

37. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983 against Defendant Shery)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendant DMITRIY SHERY issued criminal process against plaintiff LUIS GONDOLA by causing his arrest and prosecution in criminal court.

40. Defendant DMITRIY SHERY caused plaintiff LUIS GONDOLA to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his and his fellow officer's acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

41. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 against Defendants Officers)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants initiated, commenced and continued a malicious prosecution against plaintiff LUIS GONDOLA.

44. Defendants caused plaintiff LUIS GONDOLA to be prosecuted without any probable cause until the charges were dismissed on or about June 16, 2015.

45. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendant Officers)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendant officers created false evidence against plaintiff LUIS GONDOLA.

48. Defendant DMITRIY SHERY utilized this false evidence against plaintiff LUIS GONDOLA in legal proceedings.

49. As a result of defendants' creation and use of false evidence, which defendant DMITRIY SHERY conveyed to the Richmond County District Attorney's Office plaintiff LUIS GONDOLA suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

50. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Defendants Officers)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants had an affirmative duty to intervene on behalf of plaintiff LUIS GONDOLA, whose constitutional rights were being violated in their presence by other officers.

53. The defendants failed to intervene to prevent the unlawful conduct described herein.

54. As a result of the foregoing, plaintiff LUIS GONDOLA was falsely arrested, he was denied his right to a fair trial, and maliciously prosecuted.

55. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

58. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully arresting individuals and then manufacturing evidence and otherwise engaging in falsification to justify said arrests, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff LUIS GONDOLA'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff LUIS GONDOLA.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LUIS GONDOLA as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff LUIS GONDOLA as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff LUIS GONDOLA was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff LUIS GONDOLA'S constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiff LUIS GONDOLA of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from malicious prosecution;

    C. To receive a fair trial;

    D. To be free from the failure to intervene; and

    E. To be free from supervisory liability.

68. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Within ninety (90) days after the claims arising from the dismissal of the prosecution herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73. Plaintiff has complied with all conditions precedent to maintaining the instant action.

74. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York against Defendant Officers and City of New York)

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff LUIS GONDOLA.

77. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

78. Defendants caused plaintiff LUIS GONDOLA to be prosecuted without probable cause until the charges were dismissed on or about June 16, 2015.

79. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

82. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

83. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

84. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff LUIS GONDOLA.

85. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

86. As a result of the aforementioned conduct, plaintiff LUIS GONDOLA suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff LUIS GONDOLA.

90. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

91. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of

his right to a fair trial.

94. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against Defendant Officers and City of New York)

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

97. Defendant City, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*

98. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

101. As a result of the foregoing, plaintiff LUIS GONDOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff LUIS GONDOLA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
January 18, 2016

                              BRETT H. KLEIN, ESQ., PLLC
                              Attorneys for Plaintiff LUIS GONDOLA
                              305 Broadway, Suite 600
                              New York, New York 10007
                              (212) 335-0132

By: _____
            BRETT H. KLEIN (BK4744)

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

LUIS GONDOLA,

                                                Plaintiff,

    -against-

CITY OF NEW YORK, DMITRIY SHERY, Individually, JOSEPH RYAN, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                 Defendants.

-------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132